Sanford Shatz          State Bar No. 127229
Sandy_Shatz@Countrywide.com
5220 Las Virgenes Road, MS: AC-11
Calabasas, California 91302
Telephone: (818) 871-6062
Fax: (818) 871-4669

Attorneys for Defendants Countrywide Bank, FSB and Angelo Mozilo
[sued erroneously as "Angelo Mancello"]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUZ-MARIA URZUA, CESAR ANCHANTE-MARTINELLI Sramineus Homo, US Vessel<br><br>Libellant,<br><br>V.<br><br>COUNTRYWIDE BANK, ANGELO MANCELLO, PRESIDENT, US Vessel DOES, ROES, and MOES 1-100 et al, US Vessel sand<br><br>Libellees,<br>_____<br>Luz-Maria: Urzua, Cesar: Anchante-Martinetti Lien Holder of the Vessel, the Real Party In Interest, Lawful Woman, Man Injured Third Party Intervener/Petitioner/Libellant,<br><br>V.<br><br>COUNTRYWIDE BANK, ANGELO MANCELLO, PRESIDENT, U.S. Vessel DOES, ROES, and MOES 1-100 et al   US VESSELS INDIVIDUALLY AND SEVERALLY Third Party Defendants/Libellees | Case No.: C 07-05903 JSW<br><br>Hon. Jeffrey S. White<br>Courtroom: 2<br><br>Related Case No. C 07-5906 JSW<br>Related Case No. C 07-5932 JSW<br>Related Case No. C 07-5931 JSW<br>Related Case No. C 07-6349 JSW<br><br>File Date:    November 21, 2007<br>Trial Date:   Not Assigned<br><br><br><br>CASE MANAGEMENT STATEMENT BY COUNTRYWIDE BANK FSB AND ANGELO MOZILO<br><br>Date: April 4, 2008<br>Time: 9:00 a.m.<br>Courtroom: 2 |

<tr>
<td>

<tr>

</tr>

</td>
</tr>

<tr>

</tr>

<tr>

<td>

</td>

</tr>

<tr></tr>

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, Local Rule 16-9 and the Standing Order for all Judges of the Northern District of California, Defendants Countrywide Bank FSB and Angelo Mozilo (collectively "Countrywide") hereby submit this Case Management Statement.[1]

As the Court is aware, Defendants have moved to dismiss Plaintiff's Complaint, and that motion is scheduled to be heard on April 4, 2008, the same day as the Case Management Conference. Because Countrywide has not yet answered the Complaint, it has not fully considered some of the issues discussed below. However, Countrywide has provided as much information as it has at this time and would be happy to provide further information to the Court at a later conference if the Court denies its motion to dismiss.

I.   JURISDICTION AND SERVICE.

Countrywide has filed a motion to dismiss Plaintiffs' Complaint. Countrywide contends that there is no jurisdiction in this court because, as far as can be ascertained, this matter does not involve a question of federal law and is apparently based upon a contract executed in California by two California parties. In addition, the complaint is virtually incomprehensible making it difficult to determine whether the jurisdiction is appropriate in this court.

II.  FACTS.

A.   Plaintiffs' Claims.

Because the complaint is so obtusely worded, Countrywide is unclear what claims are exactly being made. From what Countrywide has been able to discern, plaintiffs allege that, after having submitted various documents and notices to Countrywide and receiving no response Countrywide has now somehow agreed to discharge plaintiffs' mortgage debt and has also waived its right to contest this lawsuit. Plaintiffs now appear to seek a declaratory judgment based upon an "administrative remedy."

---

[1] Because Plaintiff is in pro per, Defendants submit this Case Management Statement separately pursuant to Judge White's Civil Standing Orders, No. 5 and Local Rule 16-9(a).

B. <u>Defendants' Defenses</u>.

Because of the pending Motion to Dismiss, Countrywide has not yet answered. Accordingly, there are no defenses on file at this time, and Countrywide reserves the right to assert affirmative defenses in the event that one or both Defendants are required to answer the Complaint. However, in general and despite the fact that most of these facts are nowhere alleged in the Complaint, the most important facts of which Defendants are aware at this time are:

1. On or about April 4, 2006, plaintiffs Luz-Maria Urzua and Cesar Anchante-Martinetti refinanced their existing property located at 3785 North Lake Road, Merced, California 95340 with a new loan in the original principal amount of $607,500.00. The first payment on this loan was due June 1, 2006, and the loan is paid to May 1, 2007. The property is currently in foreclosure. The notice of default was recorded on September 28, 2007. The notice of sale was published and recorded three months later, and the sale is currently scheduled for March 20, 2008, at 3:00 p.m.

2. Urzua and Anchante-Martinetti own a second property located at 6787 Hillsview Drive, Vacaville, California 95688. That property is encumbered by a second position loan currently held by Countrywide Bank, FSB. That loan is dated July 18, 2006, and is in the original amount of $200,000.00. The loan is currently paid to May 2007, and is in default. A foreclosure sale has not yet begun on this loan.

III. <u>LEGAL ISSUES</u>.

At this point, due to the confusing allegations of the Complaint, Countrywide is unable to determine what legal issues, if any, are presented.

IV. <u>MOTIONS</u>.

Countrywide has filed a motion to dismiss, which motion is scheduled to be heard on April 4, 2008, with other motions to dismiss. If that motion is unsuccessful, Countrywide will move for summary judgment following discovery.

V.   AMENDMENT OF PLEADINGS.

Countrywide does not intend to file a complaint, or other pleadings seeking relief.

VI.  EVIDENCE PRESERVATION.

Although it is not sure what exactly is being alleged, Countrywide has taken steps to preserve all documents it has regarding the mortgage loans taken out by Luz-Maria Urzua and Cesar Anchante-Martinetti.

VII. DISCLOSURES.

   A.   By Plaintiff:

As of the date of this Statement, Countrywide has not received the Fed. R. Civ. P. 26 disclosures from Plaintiffs and Countrywide has not served its Fed. R. Civ. P. 26 disclosures.

   B.   By Defendants:

Should this matter continue, Defendants intend to take both Ms. Urzua and Mr. Martinetti's depositions, and serve document requests, interrogatories and request for admissions upon both parties. At this time, Countrywide has not considered what other discovery it may need but it does not anticipate a significant number of depositions or requests.

VIII. DISCOVERY.

As of the date of this statement, no discovery has been taken.

IX.  CLASS ACTIONS.

Countrywide is unaware of any plans to request certification of a class.

X.   RELATED CASES.

On January 15, 2008, Judge Joseph C. Spero determined these cases, all pending the United States District Court for the Northern District of California, to be related:

   C 07-05903              Urzua v. Countrywide Bank, et al.

| | | |
|---|---|---|
| 1 | C 07-05906 | Urzua v. America's Servicing Company, et al. |
| 2 | C-07-05931 | Urzua v. World Saving, et al. |
| 3 | C-07-05932 | Urzua, et al. v. Countrywide Bank, et al. |
| 4 | C-07-06349 | Urzua, et al. v. Countrywide Home Loans, et al. |

## XI. RELIEF.

Countrywide is unable to determine what relief is being sought in the complaint. Countrywide seeks dismissal of the action in its entirety.

## XII. SETTLEMENT AND ADR.

Countrywide does not see the value of settlement discussions so long as Plaintiffs continue operating under the mistaken assumption that their "administrative remedy" somehow erases their mortgage debt. Plaintiffs owe to Countrywide a significant amount of money.

## XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES.

Countrywide consents to a magistrate judge to conduct all further proceedings including trial and entry of judgment.

## XIV. OTHER REFERENCES.

Countrywide does not believe this case is suitable for binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

## XV. NARROWING OF ISSUES.

At this moment, Countrywide is unaware of any issues which can be narrowed. Given the nature of Plaintiffs' complaint, it is unlikely that Countrywide will be able to stipulate or agree to any matter alleged.

XVI. <u>EXPEDITED SCHEDULE</u>.

Countrywide believes this matter should not be handled on an expedited schedule.

XVII. <u>SCHEDULING</u>.

Countrywide believes its motion to dismiss, scheduled to be heard on April 4, 2008, is a well taken motion and should be granted. Countrywide therefore believes that no further scheduling will be necessary.

XVIII. <u>TRIAL</u>.

Countrywide does not believe this matter, as framed in the complaint, warrants a trial.

XIX. <u>DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS</u>.

Countrywide is a wholly owned subsidiary of Countrywide Financial Corporation, which is publicly traded on the New York stock exchange under the symbol CFC. Bank of America and Countrywide recently announced merger plans and Countrywide, including the affiliate at issue in this trial, is likely to become a part of Bank of America, and its family of services, during the third quarter of 2008.

DATED: March 17, 2008            By: _____
                                     SANFORD SHATZ
                                     Attorneys for Defendants
                                     Countrywide Bank, FSB and Angelo Mozilo
                                     [sued erroneously as "Angelo Mancello"]

s:\ss\lc\Urzua-LM\cmc-state-cb                        – 6 –
CASE MANAGEMENT STATEMENT BY COUNTRYWIDE BANK

**PROOF OF SERVICE**

I am over the age of 18 years and not a party to the within action. I am employed by Countrywide Home Loans, Inc. My business address is 5220 Las Virgenes Road, MS: AC-11, Calabasas, California 91302.

On March 18, 2008, I served CASE MANAGEMENT STATEMENT on each person or entity name below by enclosing a copy in an envelope addressed as shown below and placing the envelope for collection and mailing on the date and at the place shown below following our ordinary office practices. I am readily familiar with the practice of this office for collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

Date of Mailing:      March 18, 2008

Place of Mailing:     Calabasas, California

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 18, 2008, at Calabasas, California.

_____
Desiree Rais

Case 3:07-cv-05903-JSW    Document 24    Filed 03/18/2008    Page 8 of 8

## SERVICE LIST

Luz-Maria Urzua
6787 Hillsview Drive
Vacaville, California 95688

Luz-Maria Urzua
419 Mason Street, Suite 208
Vacaville, California 95688

John J. Kralik, IV
Michael B. Wilson
Kralik & Jacobs
650 North Sierra Madre Villa Ave.
Suite 302
Pasadena, CA 91107

Jack R. Nelson
Keith David Yandell
Reed Smith LLP
1999 Harison Street, Suite 2400
Oakland, CA 94612

Cesar Anchante-Martinetti
6787 Hillsview Drive
Vacaville, California 95688

Cesar Anchante-Martinetti
3785 North Lake Road
Merced, California 95340

Cesar Anchante-Martinetti
324 Stevenson Street
Vacaville, California 95688

Cesar Anchante-Martinetti
419 Mason Street, Suite 208
Vacaville, California 95688

Cesar Anchante-Martinetti
3801 North Lake Rd.
Merced, CA 95340

s:\ss\lc\Urzua-LM\cmc-state-cb                – 8 –

CASE MANAGEMENT STATEMENT BY COUNTRYWIDE BANK